**SMITH SORENSEN TANKREDEREI A/S, Plaintiff,**

v.

**QUEBEC IRON AND TITANIUM CORP., Federal Insurance Co. and Chubb & Sons, Inc., Defendants.**

**80 Civ. 1502 (MEL).**

United States District Court, S. D. New York.

Feb. 18, 1981.

Walker & Corsa, New York City, for plaintiff; William J. Blumenschein, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendants; George R. Daly, New York City, of counsel.

LASKER, District Judge.

Smith Sorensen Tankrederei A/S ("Smith Sorensen") moves for summary judgment dismissing the counterclaim of Federal Insurance Company ("Federal") for indemnification of a payment made to a salvage company for salvage of its assured's cargo after Smith Sorensen's vessel which carried the cargo was grounded. The motion is denied.

On December 31, 1972, Smith Sorensen's vessel became grounded while at sea. On January 3, 1973, a salvage agreement was entered into between the master of the vessel (on behalf of the owners of the vessel, the owners of the cargo and the owners of freight) and a salvage company providing that the amount each interested party would pay for the salvage operation would be decided by arbitration. The vessel was refloated and the voyage resumed. Shortly thereafter, Smith Sorensen declared a general average in connection with the grounding. On March 25, 1975, the arbitrator entered an award with respect to the ground-

ing which included a direction that the owners of cargo and the owners of the vessel pay their own proportion of the salvage award directly to the salvor. On June 15, 1976, Federal paid its assured's portion of the salvage award pursuant to the arbitrator's direction.

Smith Sorensen brought this action to recover $30,000 in general average expenses which defendants refused to pay on the basis that the grounding was caused by Smith Sorensen's negligence and the unseaworthiness of the vessel. In its counterclaim, Federal seeks indemnification of $136,691.24 for its payment to the salvage company, alleging that the necessity for the salvage payments was caused by Smith Sorensen's negligence.

Smith Sorensen argues that the counterclaim must be dismissed because Federal made the payment to the salvage company voluntarily under a claim of right with full knowledge of the facts and therefore the voluntary payment doctrine prevents Federal from asserting now that the salvor's claim was illegal or that there was no liability to pay. *See American Metal Co. v. M/V Belleville*, 284 F.Supp. 1002, 1006 (S.D.N.Y. 1968).

Smith Sorensen's argument misconceives the voluntary payment doctrine relied on in *American Metal*. There, the cargo interests sought to recover from the salvor a payment directly made to the salvor itself. Here, on the other hand, Federal seeks indemnification from Smith Sorensen for a payment not made to Smith Sorensen, but to the salvor. This is not a case like *American Metal* in which a party who has voluntarily made a payment to another later seeks to recover from the payee on the ground that there was no liability to pay in the first place. Indeed, contrary to Smith Sorensen's claim that Federal's payment to the salvor bars its present claim, Federal's cause of action against Smith Sorensen for indemnification could not have arisen until it paid the salvage company. *Cerro Sales Corp. v. Atlantic Marine Enterprises, Inc.*, 403 F.Supp. 562, 566 (S.D.N.Y.1975). The right of a cargo interest to pay its general average share of salvage costs and then seek indemnification from the vessel owner when the vessel owner was responsible for the casualty has been consistently recognized. *E. g., Cerro Sales, supra; Orient Mid-East Lines, Inc. v. Shipment of Rice*, 496 F.2d 1032 (5th Cir. 1974); *States Steamship Co. v. American Smelting and Refinery Co.*, 339 F.2d 66 (9th Cir. 1964), *cert. denied*, 380 U.S. 964, 85 S.Ct. 1109, 14 L.Ed.2d 155 (1965).

Smith Sorensen's motion for summary judgment is denied.

It is so ordered.